IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAY LEON LYMAN,                )
                               )
            Plaintiff,         )
                               )
    v.                         )
                               ) Civil Action No. 11-697
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
            Defendant.         )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 25th day of September, 2012, upon due consideration of plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his SSI application on November 14, 2007, alleging disability beginning November 1, 2007, due to bipolar disorder and schizophrenia. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on January 19, 2010, at which plaintiff, who was represented by counsel, appeared and testified. On February 24, 2010, the ALJ issued a decision finding that plaintiff is not eligible for SSI benefits because his substance addiction is a contributing factor material to the determination of his disability. On March 31, 2011, the Appeals Council denied plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has an eighth grade education, was 32 years old when he filed his application and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff does not have any past relevant work experience, and he has not engaged in substantial gainful activity at any time since filing his application.

After reviewing plaintiff's medical records, the ALJ found

AO 72
(Rev. 8/82)

- 2 -

that plaintiff suffers from the severe impairments of bipolar disorder, schizophrenia, seizure disorder, post-traumatic stress disorder, antisocial personality disorder and polysubstance abuse. The ALJ determined that plaintiff's impairments, including the substance abuse disorder, meet the criteria of sections 12.03, 12.04 and 12.09 in the listing of impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1"). Thus, taking into account all of plaintiff's impairments, including substance addiction, the ALJ found that plaintiff would be disabled.

As required by the regulations, the ALJ next considered whether, absent substance addiction, plaintiff's remaining severe impairments would meet or equal a listing in Appendix 1. If plaintiff stopped abusing alcohol and drugs, the ALJ determined that his other severe impairments, even when considered in combination, would not meet or equal the criteria of any listed impairments.

The ALJ then found that absent substance addiction, plaintiff would have the residual functional capacity to perform work at all exertional levels with a number of non-exertional limitations. Plaintiff is limited to simple, routine tasks that involve short, simple instructions, as well as simple work-related decisions and few work place changes. In addition, plaintiff must avoid working at a production rate pace, and he is restricted to only occasional interaction with supervisors, co-workers and the general public (collectively, the "RFC Finding").

Based on the vocational expert's testimony, the ALJ concluded that absent substance addiction, plaintiff's vocational factors and his residual functional capacity would enable him to perform work that exists in significant numbers in the national economy, such as a house cleaner, grounds keeper/gardener or farm worker. Accordingly, the ALJ found that plaintiff would not be disabled if he stopped abusing drugs and alcohol, rendering him ineligible for benefits under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §1382c(a)(3)(B). The Act also expressly provides that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §1382c(a)(3)(J).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his

AO 72
(Rev. 8/82)

impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

However, if a claimant is found disabled and there is medical evidence of alcoholism or drug addiction, the regulations require the ALJ to determine whether the claimant's alcoholism or drug addiction "is a contributing factor material to the determination of disability." 20 C.F.R. §416.935(a). The process for making that determination is spelled out in the regulations as follows:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

20 C.F.R. §416.935(b).

If the ALJ concludes based on the foregoing process that the claimant's remaining limitations would not be disabling, then he will find that substance addiction is a contributing factor

material to the determination of disability, and the claimant will be ineligible for benefits. 20 C.F.R. §416.935(b)(2)(i). Conversely, if the ALJ determines that the claimant's remaining limitations are disabling, the claimant is disabled independent of his substance addiction, and the ALJ will find that the claimant's substance addiction is not a contributing factor material to the determination of disability. 20 C.F.R. §416.935(b)(2)(ii).

In this case, the ALJ initially considered all of plaintiff's impairments, including his substance addiction, and found that he met the criteria of certain listings at step 3 of the sequential evaluation process, thus rendering him disabled. In accordance with 20 C.F.R. §416.935, the ALJ then considered whether plaintiff still would be disabled by his other severe impairments if he stopped his substance abuse. Absent plaintiff's substance addiction, the ALJ determined that the functional limitations which result from his remaining severe impairments do not preclude him from performing work that exists in the national economy. Accordingly, the ALJ concluded that plaintiff's substance addiction is a contributing factor material to the disability determination and therefore found him to be ineligible for benefits.

Plaintiff argues on appeal to this court that the ALJ's conclusion that his substance addiction is a contributing factor material to the determination of disability is not supported by substantial evidence. Plaintiff contends that even when he was not abusing substances, he was disabled by his mental

AO 72
(Rev. 8/82)

impairments.[1] After reviewing the medical evidence of record, the court concludes that the ALJ's decision is supported by substantial evidence.

Plaintiff relies heavily on the report of Dr. Vito Dongiovanni, who performed a consultative psychological examination of plaintiff in March 2008, in arguing that the ALJ's materiality analysis is flawed. According to Dr. Dongiovanni's written report, plaintiff told the doctor that he had not abused drugs or alcohol since 2002. (R. 261). Based on this information, Dr. Dongiovanni diagnosed plaintiff's alcohol dependence as being in full remission. (R. 266).

In assessing plaintiff's ability to perform various work-related tasks on a form report, Dr. Dongiovanni indicated that

---

[1]Plaintiff also claims that the ALJ did not evaluate the effect of his substance abuse consistent with internal SSA policy expressed in Emergency Message 96200 ("EM 96200"), available at https://secure.ssa.gov/apps10/. We note that EM-96200 is an internal SSA document which provides guidance to its employees who are tasked with processing claims for benefits. An internal document such as this may be "entitled to respect" but only to the extent that it has the "power to persuade." Christensen v. Harris County, 529 U.S. 576, 587 (2000) (holding that an agency's statutory interpretations which are contained in formats such as opinion letters are entitled to respect, but only to the extent that those interpretations have the power to persuade).
Plaintiff asserts that the ALJ's decision is based on guesswork because "it [was] not possible to separate the mental restrictions and limitations imposed by DAA and the various other mental disorders shown by the evidence. . . ." See EM-96200, Answer to question #29. Thus, according to plaintiff, the ALJ should have given him the benefit of doubt and found in his favor on the key question of materiality. To the contrary, the ALJ's decision makes clear that he evaluated this case consistent with the procedure set forth in the regulations at 20 C.F.R. §416.935, and his analysis did not contravene any relevant SSA policy guidance outlined in EM-96200. The ALJ's conclusion that plaintiff's substance abuse is a contributing factor material to the determination of disability is not the product of guesswork, but rather is supported by substantial evidence of record as explained herein.

plaintiff was markedly limited in his ability to interact appropriately with the public and respond appropriately to work pressures and changes, but he was only slightly or moderately limited in seven other work-related categories. (R. 268). Plaintiff relies on Dr. Dongiovanni's report and assessment to support his contention that, even when he was not abusing substances, his mental functional limitations preclude him from working.[2]

Contrary to Dr. Dongiovanni's report, several subsequent hospital admissions reveal that plaintiff's functional limitations were caused by his drug and alcohol abuse, not his other mental impairments. In that regard, the court finds instructive McGill v. Commissioner of Social Security, 288 Fed. Appx. 50 (3d Cir. 2008), a case in which substance abuse also was at issue. In McGill, the United States Court of Appeals for the Third Circuit determined the ALJ's finding that the claimant's mental impairments were severe only when they coincided with drug and alcohol addiction was supported by evidence that the majority of her hospital visits involved drug overdoses, drug-seeking behavior or both, and there was little evidence of severe depression or anxiety independent of drug and alcohol addiction. Id. at 52-53. Here, as in McGill, "a reasonable mind might accept [the record

---

[2]The court notes that the ALJ properly considered Dr. Dongiovanni's opinion concerning plaintiff's functional capabilities, and determined his opinion was not entitled to controlling weight because plaintiff's inpatient hospitalizations occurred when he was abusing drugs and alcohol, and he does not have significant functional limitations absent substance abuse. (R. 21).

evidence] as adequate to support the ALJ's findings that [the claimant's] behavioral and functional problems were attributable to DAA, and that in the absence of DAA, [he] would not be disabled." Id. at 53 (internal quotation and citation omitted). A review of plaintiff's hospital admissions underscores this point.

First, on October 18, 2008, plaintiff underwent a psychiatric evaluation following a hospital admission due to suicidal ideation. (R. 300). Plaintiff reported that over the last nine months, he was smoking 2 or 3 eight balls of cocaine per day. (R. 300). He used heroin three days prior to his hospital admission, he drank alcohol a day earlier, and his urine screen was positive for cocaine (R. 301).

During plaintiff's hospital stay, when he was not using drugs and alcohol, his ability to function improved. He reported feeling much better and that the medications were helping, he did not have suicidal ideation or anxiety, he did not exhibit aggressive behavior, and he was appropriate with hospital staff and his peers. (R. 294-95). Plaintiff was discharged from the hospital on October 24, 2008, with an appropriate affect, organized thought process, appropriate behavior with others, no anxiety and no aggressive behavior. (R. 295).

Plaintiff next was admitted to the hospital on October 17, 2009, because apparently he was depressed and pointed a gun at his head. (R. 312). Plaintiff admitted drinking heavily, having a history of heroin use, and using cocaine the previous night. (R.

327). Significantly, plaintiff further admitted that he had "not been sober and clean from alcohol and drugs since early adolescence, and he feels that this has contributed to most of his mood problems." (R. 312) (emphasis added). Moreover, plaintiff stated that even if he was compliant with his medications, "he is always abusing substances, which he knows [is] counterproductive." (R. 312). By plaintiff's own admission, his functional problems resulted from abusing drug and alcohol, not from his mental impairments.

Plaintiff again was evaluated on January 15, 2010, following another hospital admission due to a heroin and cocaine overdose. (R. 342). At the time, he was using crack cocaine daily and heroin and alcohol two times per week. (R. 344). However, when plaintiff was discharged on January 18, 2010, his mood had improved, his affect was appropriate, his thought process was coherent, his memory, attention, insight and judgment were intact, and he was alert and oriented. (R. 338). When asked by the ALJ at the administrative hearing about this hospital admission, plaintiff admitted he was there "for crack." (R. 35).

As the foregoing evidence of record makes clear, and as the ALJ found, when plaintiff does not abuse alcohol and drugs, his remaining severe mental impairments do not cause disabling functional limitations. Indeed, plaintiff candidly admitted that alcohol and drugs have contributed to most of his mood problems. To the extent that plaintiff has functional limitations caused by his remaining mental impairments absent substance addiction, the

ALJ fully accommodated those limitations in the RFC Finding, which was incorporated into the hypothetical question posed to the vocational expert.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff's substance addiction is a contributing factor material to the determination of disability, thus he is ineligible for benefits. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Michael Colville
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219